UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00279-JPH-DLP |
| | ) | |
| C. NICHOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

On October 23, 2019, the plaintiff filed an amended complaint, dkt. [12], which is now the operative complaint in this action. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

# I.
# The Amended Complaint

The amended complaint names ten defendants: 1) C. Nicholson, 2) F. Littlejohn, 3) Kevin Gilmore, 4) Major D Russell, 5) J. Snyder, 6) R. Brown, 7) A. Ledford, 8) Sgt. Busby, 9) C. Dugan, and 10) C/O Orndoriff. The plaintiff alleges that the defendants 1) violated the plaintiff's Fourth Amendment privacy rights by holding the plaintiff in a video-recorded cell as a sanction for a conduct violation, and 2) violated the plaintiff's Fourteenth Amendment rights when they discriminated on the basis of race by holding the plaintiff, an African-American, in the video-recorded cell for a longer period of time than inmates of other races. He seeks injunctive relief and monetary damages.

# II.
# Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

The plaintiff's Fourth Amendment privacy claim must be **dismissed** for failure to state a claim because the Fourth Amendment only protects "prisoners' bodily integrity against unreasonable intrusions *into* their bodies." *Chatman v. Gossett*, 766 F. App'x 362, 365 (7th Cir. 2019) (quoting *King v. McCarty*, 781 F.3d 889, 900 (7th Cir. 2015)). The plaintiff has alleged only a prolonged visual search. Thus, he has failed to state a claim.

The plaintiff's Fourteenth Amendment discrimination claim **shall proceed**. This is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through February 3, 2020,** in which to identify those claims.

The Court also notes that injunctive relief is not available in this action because the plaintiff is no longer housed at Wabash Valley.

**The clerk is directed** to add F. Littlejohn, Kevin Gilmore, Major D. Russel, J. Snyder, R. Brown, A. Ledford, Sgt. Busby, C. Dugan, C/O Orndoriff as defendants on the docket.

## III.
## Service of Process

**The clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint (docket 12), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. **The clerk is directed** the serve the defendants electronically because they are employees of Indiana Department of Correction.

**SO ORDERED.**

Date: 1/3/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN L. MARTIN
169789
WESTVILLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronic Service to:

C. Nicholson
F. Littlejohn
Kevin Gilmore
Major D. Russel
J. Snyder
R. Brown

A. Ledford
Sgt. Busby
C. Dugan
C/O Orndoriff
    (All employed at Wabash Valley Correctional Facility)