UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00279-JPH-DLP |
| | ) | |
| C. NICHOLSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Kevin L. Martin alleges that the defendants violated his Fourteenth Amendment rights when they discriminated against him on the basis of race by holding him, an African-American, in a video-recorded cell for a longer period of time than inmates of other races. Before the Court is the defendants' motion for summary judgment, dkt. 68. For the reasons explained in this Order, that motion is granted.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are

left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

As a sanction imposed in another case, Mr. Martin is not permitted to file documents in any of his pending cases, including this one. *See* dkt. 50 (order docketed from *Martin v. Ledford*, No. 2:19-cv-201-JRS-DLP (S.D. Ind. June 3, 2020)). Consequently, Mr. Martin has not responded to the defendants' motion for summary judgment thereby conceding the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## Factual Background

Mr. Martin is an African-American inmate who was housed at Wabash Valley

Correctional Facility during the time relevant to his complaint. On July 27, 2018, Mr. Martin was placed in a video-monitored cell after throwing bodily waste on staff. On August 8, 2018, Mr. Martin was found guilty of A102 Battery on Staff by Bodily Waste, Case No. WVS 18-07-0004. Dkt. 68-2 at 2. He had a previous such offense at Indiana State Prison (ISP) on June 15th, 2016, Case No. ISP 16-06-0196, which qualified him for the designation of Habitual Staff Assaults w/Bodily Fluids (HSABF). *Id.* The purpose of his placement in a video-monitored cell was to prevent him from assaulting staff with bodily waste. Dkt. 12-1 at 2; dkt. 144-45. Per facility policy, HSABF inmates may be considered for removal from these cells when they have achieved six (6) months clear of the above referenced offenses and ninety (90) days clear of all Class "A" and "B" conduct reports. *Id.* Mr. Martin was found guilty of two additional staff assaults with bodily waste, in violation of A102, on October 23, 2018, Case No. WVS 18-10-0008 and Case No. WVS 18-10-004. Dkt. 68-1 at 55-56, 59; Dkt. 68-2 at 2. The policy states that "[e]ach time an offender re-offends, the time clear of specific A-102 and B-212 offenses increases by six (6) month increments." Dkt. 68-1 at 145. Thus, Mr. Martin might have been considered for release from the camera-monitored cell a year after the October 2018 disciplinary infractions.

Mr. Martin continued to have conduct issues. Dkt. 68-1 at 114-115. On April 3, 2019, Mr. Martin's camera cell housing assignment was reviewed, and he was denied transfer to a non-camera cell due to his continued conduct issues, including a threat made to staff. Dkt. 68-1 at 114-115. Before his next 30-day review, Mr. Martin received a conduct report alleging that he slammed the cuff holder on a sergeant's arm. Dkt. 68-1 at 63. He also received a conduct report for covering his cell camera in June of 2018. *Id.* at 65. Mr. Martin remained in the camera cell until he was transferred to another IDOC correctional facility on July 19, 2019. Dkt. 68-

1 at 30; dkt. 68-2 at 2. While at Wabash Valley, he never met the criteria required by policy to be considered for a change of housing assignment. Dkt. 68-2 at 2-3. While Mr. Martin was housed in a camera cell, another offender at WVCF, Aaron Scott, a Caucasian male, was likewise housed in another camera cell for several weeks. Dkt. 68-1 at 26, 28, 153-57, 160.

### III. Discussion

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). *See Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016) ("The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right.").

The defendants do not dispute that Mr. Martin is a member of a suspect class. As a result, any discriminatory action by the defendants against him would be subject to strict scrutiny. *See Sweeney v. Pence*, 767 F.3d 654, 668 (7th Cir. 2014) ("If either a suspect class or fundamental right is implicated, the government's justification for the regulation must satisfy the strict scrutiny test to pass muster under the Equal Protection Clause.") (internal quotation omitted).

First, though, the Court must address the question of whether the defendants took any discriminatory action against Mr. Martin. To establish a violation of the Equal Protection Clause, the plaintiff "must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001) (citing *Pers. Adm'r of Mass. v. Feeney,* 442 U.S. 256, 272–74 (1979)), *quoted in Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).

Viewing the evidence in the light most favorable to Mr. Martin, the defendants are entitled to summary judgment. There is no evidence in the record that the defendants have treated Mr. Martin different from any similarly situated inmate or that the defendants were motivated by a discriminatory purpose to treat him differently.

Mr. Martin claims that, because he is black, the defendants kept him in a video-monitored cell longer than they kept a Caucasian inmate, Aaron Scott, in the same kind of cell after both were placed in those cells after being found guilty of a disciplinary violation. But Mr. Martin has not presented evidence that Scott was similarly situated to him. *See Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) ("To prove discriminatory effect, [a plaintiff] must show that he is a member of a protected class and that he was treated differently from a similarly situated member of an unprotected class."). Mr. Martin does not know whether Scott's disciplinary history was of a similar nature and severity to that of Mr. Martin. Dkt. 68-1 at 29. Moreover, the record shows that Mr. Martin was designated as an HSABF—an inmate with a history of habitually assaulting staff with bodily fluids. Mr. Martin continued to receive conduct reports while in the camera cell. The only inmate to which the record provides a comparison is Scott. But there is no evidence that Scott was an HSABF or that he continued to have discipline problems while in the video-monitored cell. There is therefore no evidence in the record that other inmates with this designation, or disciplinary histories similar to Mr. Martin's, were released from camera-monitored cells in less time than Mr. Martin.

The defendants have supported their motion for summary judgment with sworn interrogatory responses that Mr. Martin was placed and kept in a camera-monitored cell due to his disciplinary history of repeatedly assaulting staff with bodily waste, including two incidents on

October 23, 2018. Dkt 68-2 at 2. This assertion is assumed to be true unless Mr. Martin rebuts it with admissible evidence to the contrary. S.D. Ind. Local Rule 56-1(f). He has not done so.

There is no evidence before the court supporting an inference that Mr. Martin was treated differently than white inmates with similar disciplinary histories. Without such evidence, Mr. Martin cannot establish that the defendants treated him differently from any similarly situated person of an unprotected class in a manner denying him equal protection. *Alston*, 853 F.3d at 906.

For these reasons, the defendants are entitled to summary judgment.

### IV.   Conclusion

The defendants' motion for summary judgment, dkt. [68], is **granted**. Judgment consistent with this Order, and the Order Screening Amended Complaint, dkt. [17], shall now issue.

**SO ORDERED.**

Date: 6/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

KEVIN L. MR. MARTIN
169789
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL
FACILITY Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O.Box 1111
Carlisle, IN 47838

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov